IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARBARA BUCKHANON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 3:19-cv-0893-ECM |
| | )                    (WO) |
| OPELIKA HOUSING AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDOM OPINION AND ORDER**

**I.     INTRODUCTION**

Barbara Buckhanon ("Plaintiff") brings this color discrimination action against her former employer Opelika Housing Authority ("Defendant"). The Plaintiff originally alleged six claims against the Defendant and its Executive Director Matthew McClammey. On April 14, 2020, the Court dismissed four counts, including all the claims against McClammey. It permitted the Plaintiff an opportunity to file a motion to amend the complaint in response to the Court's order. (Doc. 27).

On October 16, 2020, the Plaintiff filed a motion for leave to amend the complaint, (doc. 70), which the Defendant opposes on the basis of futility, (doc. 72). After careful consideration of the motion, the response, and the record in this case, the Court concludes that the Plaintiff's motion for leave to amend is due to be DENIED.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." But the rules of civil procedure do not require courts to permit all amended pleadings. A district court may deny such leave where there is "substantial reason" for doing so, such as where (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)). The Eleventh Circuit has explained that a "district court's denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (citing *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1262 (11th Cir. 2004)). In other words, "[b]ecause justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230, 1255 (11th Cir. 2008). When making this determination, the Court considers the facts in the proposed amended complaint as true and construes the facts in the light most favorable to the plaintiff. *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004).

### III.     PROCEDURAL HISTORY AND FACTS[1]

The Plaintiff filed the first of two EEOC charges on February 13, 2019. In her first charge ("Charge I"), the Plaintiff claimed discrimination on the bases of color, age, and disability. (Doc. 70-1 at 9). She alleged her lighter skinned African American supervisors discriminated against her because she was a darker skinned African American. (*Id.* at 5). The Plaintiff filed the charges after her supervisors admonished her for failing to conduct timely inspections that were required by her job. (*Id.* at 6–9). On August 19, 2019, the EEOC issued a no cause determination and a right to sue letter. (*Id.* at 9).

Ultimately, she was fired on October 24, 2019. (*Id.* at 11). On November 15, 2019, the Plaintiff filed her second EEOC charge ("Charge II"). She alleged that her supervisors retaliated against her after she received the right to sue letter from the EEOC. (*Id.* at 9–10).

The Plaintiff on November 18, 2019 filed suit, alleging color discrimination under Title VII against the Opelika Housing Authority and her supervisor Matthew McClammey, based on Charge I—three days after filing Charge II.[2] She did not bring any claims in the lawsuit based on age or disability discrimination.

On January 7, 2020, she amended Charge II to add more facts to support her retaliation charge. On the same day, the Plaintiff filed her first motion for leave to amend

---

[1] These facts are those set forth in the Plaintiff's proposed amended complaint. (Doc. 70-1).

[2] She also brought claims pursuant to §1983 and the Fair Labor Standards Act ("FLSA").

3

the complaint to add a Fourteenth Amendment Due Process claim under § 1983 against her supervisor. (Doc. 17).

On April 14, 2020, this Court dismissed four of the Plaintiff's six claims—including the two retaliation claims against her supervisor and the Opelika Housing Authority. (Doc. 27). The Parties settled one FLSA overtime claim, so only her Title VII color discrimination claim remains against the Defendant, Opelika Housing Authority.

The Court also denied the motion for leave to amend the complaint because "at-will employees to do not have a constitutionally protected property interest in their employment that could form the basis of a due process claim." (*Id.* at 9–10). The Court allowed the Plaintiff until May 1, 2020, to move again to amend the complaint. Because in her first motion the Plaintiff attempted to amend the complaint by reference, the Court also cautioned her that the motion to amend would be struck if it did not comply with the local rule requiring the entire complaint to be reproduced as an attachment to the motion. (*Id.* at 10).

On April 30, 2020, the Plaintiff filed her second motion for leave to amend the complaint. (Doc. 30). As required by this Court's local rule, the Plaintiff attached a proposed amended complaint to her motion. In addition to the remaining color discrimination claim, the proposed amended complaint attempted to again add a due process claim. (*Id.* at 14). The Court granted the Plaintiff's motion to amend the complaint on May 6, 2020 and directed that it be filed on or before May 13, 2020. (Doc. 34). On May 13, 2020—the deadline for filing the amended complaint—the Plaintiff provided notice to the Court that she would forgo the amendment. (Doc. 35).

The next day, the Plaintiff filed a second amendment to Charge II to add a new sex discrimination charge against the Opelika Housing Authority. (Doc. 72-4). On August 18, 2020, the EEOC issued a right to sue letter for Charge II upon the Plaintiff's request stating "more than 180 days have passed since the filing of this charge" and "the EEOC is terminating its processing of this charge." (Doc. 70-1 at 29).

The Plaintiff filed her third motion for leave to amend her complaint to add a sex discrimination claim on October 16, 2020 and attached thereto a copy of her proposed amended complaint.[3]  This motion is now before the Court.

## IV.   DISCUSSION

The Plaintiff seeks, for the third time, to amend her complaint.  The Defendant opposes the amendment and asserts that the Plaintiff's amended complaint contains claims that were previously dismissed by this Court and that the amendment is futile. (*See* doc. 27).  A comparison of the original to the amended complaint reveals that the Plaintiff simply added her new claims and facts to the original complaint without removing references to any of the dismissed claims.  In her reply, the Plaintiff rejects the Defendant's assertion that the amended complaint contains "predominantly immaterial, impertinent matters previously dismissed by the Court" as "simply wrong." (Doc. 73 at 3).  The Plaintiff also accuses the Defendant of "tr[ying] to delve into the minutia of the facts and the allegations set forth in the proposed Amended Complaint." (*Id.* at 2).

---

[3] Local Rules for the Middle District of Alabama require "[a]ny amendment to a pleading, document or other paper, whether filed as a matter of course or upon a motion to amend, must, except by leave of the Court, reproduce the entire pleading, document or other papers as amended . . . ." (Local Rule 15.1).

The proposed amended complaint quite clearly re-alleges dismissed or settled claims and asserts claims against a dismissed defendant. The Court is neither required nor inclined to prune the Plaintiff's pleadings for her. Because a large portion of the amended complaint relates to previously dismissed claims, the Court concludes that it would be futile to grant the Plaintiff's motion to amend her complaint as it is presently proposed.

Notwithstanding the futility of allowing an amendment which restates dismissed claims, it also appears that the Plaintiff has failed to adequately plead or satisfy the conditions precedent to filing suit on the added discrimination claim. "[In] pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or have been performed." Fed. R. Civ. P. 9(c). The Eleventh Circuit has taken this to mean that a "plaintiff must generally allege in [her] complaint that all conditions precedent to the institution of the lawsuit have been fulfilled." *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982). Although the Plaintiff specified that she filed the Amended Complaint within 90 days of receipt of the right to sue letter, she fails to assert that she complied with all other conditions precedent.[4] Therefore, the proposed amended complaint, in regard to the conditions precedent, is also deficient.

Finally, even though the Plaintiff argues that she properly amended her EEOC complaint to add the new charge, her sex discrimination claim appears to be untimely as well. EEOC regulations require "amendments alleging additional facts which constitute unlawful employment practices relate to or growing out of the subject matter of the original

---

[4] *See Seaboard Coast Line R. Co.*, 678 F.2d at 1010 ( "the 180-day filing requirement under Title VII is a condition precedent to filing suit in district court . . . .").

charge relate back to the date the charge was first received." 29 C. F. R. § 1601.12(b). Generally, amendments that raise novel legal theories do not relate back to an original charge of discrimination. *Mathis v. Leggett & Platt*, 263 F. App'x 9, 12 (11th Cir. 2008) (citing *Manning v. Chevron Chemical Co.*, 332 F.3d 874, 878 (5th Cir. 2003)).  However, the Eleventh Circuit has allowed claims to proceed when not previously alleged in the EEOC complaint if they grow out of the allegations contained in the original EEOC charge or "were inextricably intertwined." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004).

Relying on *Gregory,* the Plaintiff argues that her new sex discrimination claim, although indisputably not brought within 180 days of any alleged adverse employment action, relates back to her second EEOC charge because it is intertwined with her retaliation claim. (Doc. 70 at 6).  This argument is unpersuasive.  In *Gregory*, the Circuit found that a retaliation claim related back to the date of the original EEOC charge because it could grow out of or be inextricably intertwined with the plaintiff's previously alleged sex and race discrimination claims. 355 F.3d at 1280.  But here the Plaintiff argues the converse: that her sex discrimination is inextricably intertwined with a retaliation claim based on filing a color, age, and disability discrimination EEOC charge.  In asserting that her sex discrimination claim relates back to her retaliation claim, the Plaintiff appears to argue that those claims are inextricably intertwined because they arise out of the same statutory scheme. This misconstrues the logic in *Gregory.*  There, the Circuit found that a retaliation claim—not alleged as an EEOC charge—met the exhaustion requirement because it was based on the same facts alleged in the original discrimination charge, and thus the two were

7

inextricably intertwined. *Id.* at 1278, 1280. The holding in *Gregory* makes clear that the sequence of the claims is important. A retaliation claim might arise from the facts of sex and race discrimination claims, but this does not mean that a sex discrimination claim can arise from a retaliation claim arising out of color, age, and disability claims.

Here, the sequence of events shows that the Plaintiff filed EEOC Charge I asserting discrimination on the bases of age, color, and disability. She filed EEOC Charge II alleging retaliation for having engaged in a protected activity—namely the filing of her first EEOC complaint. Over 180 days after she was terminated, the Plaintiff amended Charge II to assert sex discrimination. She argues that the sex discrimination claim is nonetheless timely because it relates back to the retaliation charge that was the basis of EEOC Charge II. Although retaliation for filing an EEOC complaint alleging color and sex discrimination arise out of the same statutory scheme,[5] the filing of the Title VII claim does not per se toll the time limitations for bringing any claim under that statute. Indeed, here, the Plaintiff's sex discrimination claim is too attenuated to arise out of her retaliation claim, and thus does not relate back. Accordingly, allowing the Plaintiff to amend her complaint to add an untimely claim would be futile.

---

[5] The Plaintiff points to *Spivey v. Enter. City Bd. of Educ.*, 2019 WL 357983 at *5 (M.D. Ala. Jan. 29, 2019) to argue that a new claim relates back to a preexisting discrimination claim if both claims are from the same statutory framework. In that case, the Court pointed out that a new ADA claim did not relate back to the original claim, and one reason was because it was from a different statutory framework. The Court did not conclude, however, that claims from the same statutory framework relate back on that basis alone. The fact the Plaintiff's claims arise out of the same statutory scheme, at least in this case, does little to show that the amended claim relates back to the original color discrimination or retaliation claim.

## V. CONCLUSION

The Plaintiff's proposed amended complaint is deficient. At this juncture, allowing the Plaintiff to amend her complaint would be futile. Not only does the Plaintiff, in her proposed amended complaint, replead dismissed claims and claims against a dismissed defendant, she also fails to adequately plead conditions precedent. This is the Plaintiff's third attempt to amend the complaint, and yet significant deficiencies persist. Accordingly, upon consideration of the motion and for good cause, it is

ORDERED that the Plaintiff's motion for leave to amend the complaint (doc. 70) is DENIED.

DONE this 19th day of February, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE